

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARPINDER S. CHAHAL; GURMEET K. CHAHAL,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-71902<br><br>Agency Nos. A078-361-295<br>A078-361-296<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2012[**]
San Francisco, California

Before: PAEZ and BYBEE, Circuit Judges, and VANCE, Chief District Judge.[***]

Harpinder S. Chahal and Gurmeet K. Chahal, natives and citizens of India,

petition for review of the Board of Immigration Appeals' ("BIA") order denying

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sarah S. Vance, Chief District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

their second motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion. *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir. 2008).

The BIA did not abuse its discretion in denying Petitioners' motion to reopen as untimely and numerically barred, or in finding that Petitioners failed to present sufficient evidence to qualify for the changed country conditions exception. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3)(ii). Petitioners cannot avoid the effect of the IJ's adverse credibility determination by reframing their claim of past persecution as a claim based on future persecution. *Toufighi v. Mukasey*, 538 F.3d 988, 995–97 (9th Cir. 2008) (underlying adverse credibility determination regarding claim of past persecution rendered evidence of changed country conditions immaterial). And even if they could, the BIA did not abuse its discretion in determining that the new evidence submitted in the motion to reopen is insufficient to establish a claim of changed circumstances reasonably likely to succeed on the merits.

PETITION DENIED.